No. 2644.—VOLNEY E. OGLE et al. *v.* J. C. KING et al.—DIGGS & MICHIE, Intervenors.

The hypothecary right granted by C. C. 1626, in favor of a particular legatee upon the immovables of a succession, is a legal. mortgage; and it must be recorded, in order to maintain its priority, as against a conventional mortgage, imposed by the universal legatee, and duly recorded. C. C. 3297.

APPEAL from the District Court, parish of Tensas. *Hough,* J. J. G. *Leach* and A. N. *Ogden,* for plaintiffs and appellees. *Sparrow & Montgomery, Reeve Lewis* and *Farrar & Reeves,* for defendants and appellees. *Mayo & Spencer* and *Aroni & Collier,* for intervenors and appellants.

HOWE, J. Rodney C. King died in 1853, leaving a will, by which he constituted J. C. King and Prosper King, then minors, his universal legatees, and bequeathed to Volney E. Ogle and Ellis K. Ogle the sum of $25,000. He left no forced heirs.

The defendant, Kibbe, dative testamentary executor, and tutor of the Kings, rendered his final accounts in 1859, which were homologated.

In the same year, the Kings, one being of age, and the other eman. cipated, took possession of the immovables of the succession, consisting of a plantation, etc. In 1861, they mortgaged the property to secure notes held by the intervenors, Diggs & Michie, and which were given for advances and supplies to carry on the plantation.

This action was instituted in 1866, to enforce the claims of the Ogles, as particular legatees, for the sum of $25,000, with interest, and to have the mortgage therefor recognized as the first mortgage on the property. The Kings are sued jointly, as debtors of the legacy, in possession of the plantation, and the defendant as executor, who had wrongfully turned it over to them in 1859.

The intervenors asserted their priority, in virtue of their conventional mortgage, recorded March 14, 1861.

The judge *a quo* was of opinion that, by the terms of the testament, the plaintiffs were to be paid their particular legacy only from the

*revenues* of the plantation, and gave judgment recognizing this right, with mortgage, as claimed. No judgment was given against Kibbe, upon the claim made against him, as executor, and for having wrongfully turned over the plantation to the Kings.

Neither plaintiffs nor defendants have appealed, and we can not' therefore, consider the merits of the judgment, as between them, nor the questions therein involved.

It was, however, further decreed that the intervenors have judgment against the Kings for the amount of their claims, with mortgage *subsequent* to that of plaintiffs. The only question before us is that of priority, as between the mortgage of the legatees and that of the intervenors.

Article 1626 of the Civil Code declares that the heirs of the testator, or the debtors of a legacy, shall be personally bound to discharge it, *each in proportion* to the part that falls to him in the succession, and that they shall be bound by mortgage *for the whole*, to the amount of the value of the immovable property of the succession withheld by them.

This article is identical with article 1017 of the Code Napoleon, and there seems to be no difference of opinion among the French commentators as to the character of the mortgage thus established. It is a legal mortgage. The action to enforce it is a hypothecary action— the one instituted by the plaintiffs in this case to establish and cause to be enforced the mortgage which they claim on the immovables withheld by the Kings, the debtors of the legacy. Rogrou, Codes Français, vol. 1, p. 194; Toullier, vol. 5, No. 567; Persil's Regime Hypothecaire, vol. 1, p. 373, *et seq ;* Troplong Hypothèques, vol. 2, No. 432, *Aer.* ; Merlin Repertoire, *Legataire,* 36, par. II.

And the same writers appear to agree that this legal mortgage must be registered, to maintain its priority, as against mortgage creditors in whose favor the immovables of the inheritance may be affected by the heir or universal legatee, in possession. The same just rule would seem to be established by our Civil Code. . "Among creditors, the mortgage, whether conventional, legal, or judicial, has force only from the time of recording it, in the manner hereafter directed, except in the cases mentioned below." Article 3297. The only mortgages that exist without inscription are those in favor of minors, interdicted and absent persons, and married women. Article 3298. The legal mortgage of the particular legatee against the heirs, on the immovables of the inheritance, which they detain or withhold, is not excepted from the necessity of registry, and we do not feel authorized to make the exception. Se case of Boisdoré *v.* Malcolm, this day decided. The rule which we thus feel called upon to recognize, is one of eminent justice in this case.

The executor, Kibbe, who was also tutor of the Kings, rendered his final accounts in 1859. The Kings, having each become *sui juris,* took

possession and control of the plantation in the same year. Two years after, they borrowed money upon the notes held by the intervenors, and, to secure these notes, executed the conventional mortgage. The proceeds went to carry on the place.

Five years after, in 1866, this suit is instituted, with intent, on the part of the particular legatees, to obtain a preference over those who have thus furnished money to carry on the plantation, out of the net product of which their legacy was to be paid. It would seem that, in such a case, strict law and equity must coincide.

Much has been said, in the argument of this cause, of the action of separation of patrimony, and the privilege, or, perhaps more properly, right of preference, provided by article 3242 of the Civil Code. We do not think that the questions raised by this branch of the discussion require consideration in this case. This is not an action of separation of patrimony. We do not find that the plaintiffs have ever instituted any such action, and it may be doubted if it would lie, in regard to a succession accepted, in legal contemplation, with benefit of inventory. But the article throws some light upon the propriety, possibility and method of recording this legal mortgage, for it declares that the legatee who resorts to the action of separation, can preserve his privilege *only* by recording in the mortgage office the evidence of his *claim on the property* of the succession, within three months after it is opened.

Considering, therefore, that the legal mortgage of the plaintiffs was not recorded prior to that of intervenors, we must conclude that there was error in the judgment, to the prejudice of the latter.

It is therefore ordered and adjudged that the said judgment, so far as it accords to the intervenors a mortgage subsequent in rank to that of plaintiffs, be avoided; that the intervenors' mortgage be decreed to be prior in rank to that of plaintiffs, upon the property described in the act by which their notes are secured; that, in all other respects, the said judgment remain undisturbed, and that the plaintiffs pay the costs of appeal.